UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHMADOU SANKARA,<br><br>Plaintiff,<br><br>-against-<br><br>DOE, et al.<br><br>Defendants. | 15-CV-5046<br><br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, United States District Judge:

Before the Court are numerous motions filed by pro se Plaintiff Ahmadou Sankara. For the following reasons, the Court denies Plaintiff's motions in their entirety and directs the Clerk of Court to close this action.

**BACKGROUND**

Plaintiff filed this action on June 26, 2015, while incarcerated at the Anna M. Kross Center on Rikers Island, using the Court's form complaint for actions under 42 U.S.C. § 1983. (Dkt. 2.) The gravamen of Plaintiff's claim is that on July 21, 2012, a doctor at Lincoln Hospital in the Bronx "opened [him] up attempting to remove something that didn't exist," without x-rays and without Plaintiff's consent. (Id.) Plaintiff filed an amended complaint on October 2, 2015. (Dkt. 8.)

On November 4, 2015, the Court dismissed the amended complaint for lack of subject matter jurisdiction. (Dkt. 9.) In relevant

part, the Court held that (i) Plaintiff's allegations sounded in state-law medical malpractice and did not present a federal question, see 28 U.S.C. § 1331; (ii) Plaintiff failed to state a claim under § 1983 because the defendant doctors were private parties who did not act under color of state law; and (iii) diversity jurisdiction was lacking because Plaintiff and Defendants all appeared to reside in Bronx County, New York, and Plaintiff did not allege to a reasonable probability that his claim exceeded $75,000, see 28 U.S.C. § 1332(a). After the Court entered judgment, the Court of Appeals dismissed Plaintiff's appeal on April 18, 2016 because the appeal "lack[ed] an arguable basis either in law or in fact." (Dkt. 15.)

On September 16, 2016, the Court received a letter from Plaintiff requesting leave to file an amended complaint. (Dkt. 21.) On October 16, 2018, the Court denied this request and directed the Clerk of Court not to accept any future documents from Plaintiff in this action, except for those directed to the Court of Appeals. (Dkt. 27.) Plaintiff again appealed, and the Court of Appeals once again dismissed the appeal on April 4, 2019 as lacking an arguable basis in law or fact. (Dkt. 32.)

More than six years later, Plaintiff has defied this Court's order and filed a barrage of incoherent submissions seeking various forms of relief. In these submissions, Plaintiff appears to seek reconsideration of the Court's judgment, leave to amend the

complaint and caption, summary judgment, discovery and depositions, service of court documents by email, a "claim resolution conference" at the United States Embassy in Abidjan, and an order transferring venue or returning him to the United States for trial. (Dkts. 33-39.)

**DISCUSSION**

**A. Rule 60(b) Motions**

The Court construes Dkts. 33, 35, 36, and 38—which appear to seek reconsideration of the dismissal, leave to amend, and reopening of this closed action—as motions for relief from the Court's November 4, 2015 order and judgment under Rule 60(b) of the Federal Rules of Civil Procedure. All are without merit.

i. Rule 60(b)(1)-(3)

Under Rule 60(b)(1) through (3), a party may seek relief from a district court's order or judgment on grounds of (i) "mistake, inadvertence, surprise, or excusable neglect;" (ii) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or (iii) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). Any such motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Judgment was entered in this action in November 2015, nearly ten years before Plaintiff filed the earliest of the present submissions. Relief under Rule 60(b)(1), (2), and (3) is therefore barred under the plain text of the Rule.

ii. Rule 60(b)(4)

With respect to Rule 60(b)(4), a judgment is "void" under Rule 60(b)(4) "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Plaintiff fails to identify any such circumstance here. Accordingly, relief is not available under Rule 60(b)(4).

iii. Rule 60(b)(6)

To the extent Plaintiff's motion is cognizable under Rule 60(b)(6), which permits relief for "any other reason that justifies" it, Fed. R. Civ. P. 60(b)(6), "a Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)," United Airlines v. Brien, 588 F.3d 158, 175 (2d Cir. 2009). A motion under Rule 60(b)(6) must also be made within a "reasonable time," and the moving party must show "extraordinary circumstances" to warrant relief. Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002).

Once again, Plaintiff's submissions merely recycle old arguments and allege no extraordinary circumstances beyond them. Nor were the submissions, filed nearly a decade after entry of judgment, made within a reasonable time. See Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001). Relief under Rule 60(b)(6) is therefore denied.

**B. Amendment is Futile**

Even if Plaintiff's motions were timely and otherwise proper, relief would be unwarranted because the jurisdictional defect requiring dismissal remains obvious on the face of Plaintiff's papers. Plaintiff's claims continue to sound in state-law medical malpractice against private hospital doctors who are not state actors, and nothing in Plaintiff's submissions cures the absence of diversity jurisdiction as of the time this action was commenced. Granting leave to amend the complaint or the caption in a closed action over which the Court lacked jurisdiction would be futile.

Accordingly, the Court denies Plaintiff relief under Rule 60(b) in its entirety and denies the motion to amend the caption and complaint (Dkt. 38).

**C. Motions for Summary Judgment, Discovery, and Depositions**

Plaintiff's requests for summary judgment, discovery, a "deposition discovery hearing," and related trial proceedings (Dkts. 34, 35, 36, 39) fail because there are no proceedings in which such relief could be granted. This action was dismissed for

lack of subject matter jurisdiction, and judgment was entered in 2015. Because the Court has denied relief from the judgment, these requests are denied as moot.

**D. Request for a Conference at the United States Embassy and for Return to the United States**

Finally, Plaintiff requests that the Court convene a "claim resolution conference" at the United States Embassy in Abidjan, Ivory Coast, or alternatively "change the venue" and return him to the United States before trial. (Dkt. 39.) These requests are likewise denied as frivolous. There is no pending action in which to hold a conference or conduct a trial, and the venue-transfer statutes, 28 U.S.C. §§ 1404 and 1406, have no application to a closed case in which the Court lacked subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, all of Plaintiff's outstanding motions are DENIED. The Clerk of Court is directed to close all open docket numbers and terminate this action accordingly.

The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. The Court will not accept any further filings from Plaintiff unless (i) Plaintiff first seeks leave to file from this Court or (ii) the submission is directed to the Court of Appeals.

The Clerk of Court shall mail a copy of this order to Plaintiff at his address of record.

**SO ORDERED.**

Dated: New York, New York
August 11, 2026

Loretta A. Preska

LORETTA A. PRESKA
United States District Judge